# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>C. RODRIGUEZ, Acting Warden,<br><br>Respondent. | Case No. 2:21-cv-07121-CJC-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.

Court also has reviewed Petitioner's objections to the Report and Recommendation, which the Court received and filed on June 16, 2022 ("Objections"). (Objs., ECF No. 23.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

With regard to his ineffective assistance of counsel claim in Ground One, Petitioner argues that the Report and Recommendation did not adequately address his assertion that he pleaded guilty only upon the advice of counsel that he would

remain confined in a military prison. (Objs. 3.[1]) Petitioner argues that "[t]he Magistrate's analysis of this issue is incorrect, and it also fails to properly determine whether Petitioner's allegations are true or not." (*Id.*) He states that "[r]ather than inquiring into these issues further, the Magistrate merely concluded that 'it would be highly unusual for defense counsel to give a client the advice [Petitioner] asserts that he received.'" (*Id.* (quoting Rep. & Recommendation, ECF No. 20, at 8–9).) However, the Report and Recommendation did address the issue in greater detail than Petitioner suggests. The Magistrate Judge also concluded that Petitioner's allegations were palpably incredible in light of (1) Petitioner's sworn affirmation to the Military Judge that no one had promised him anything in connection with his plea other than a limitation on his sentence; and (2) the evidence in the record that Petitioner repeatedly requested to be transferred to the Federal Correctional Institution ("FCI") Victorville in order to be closer to his ailing grandmother. (Rep. & Recommendation 8 (citing ECF No. 11-3 at 198, 202, 502–04).)

With regard to Petitioner's claim in Ground Two that his transfer to a civilian prison and resulting loss of certain privileges breached the terms of his plea agreement, the Magistrate Judge concluded that this claim also was subject to summary dismissal as conclusory and palpably incredible. (Rep. & Recommendation at 9–12.) The Magistrate Judge reasoned that Petitioner's allegations were refuted by the record, which contained "no suggestion that the plea agreement included the terms Petitioner alleges about the place of his confinement," but rather showed that Petitioner disclaimed any promises other than a limitation on his sentence at the time he entered his plea, and that the issue regarding Petitioner's location of confinement did not arise until several years after

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the documents cited.

Petitioner's guilty plea, when Petitioner requested a transfer to FCI-Victorville. (*Id.* at 11 (ECF No. 11-3 at 198, 202, 502–04).)

In his Objections, Petitioner notes that transfers from military to Federal Bureau of Prisons custody can only be initiated by the government, and thus argues that his repeated requests for transfer "had no bearing." (Objs. 6–7.) He also states that his "concern was that if he were transferred he wanted to ensure that he would be located in Southern California, which is reasonable and not an intent to forfeit his promised privileges as a military prisoner." (*Id.* at 7 (emphasis in original).) However, as detailed in the Report and Recommendation, Petitioner made repeated requests in April, November, and December 2015 to be transferred to FCI-Victorville, explaining that his grandmother lived in Victorville, her health was declining, and he wanted her to be able to visit him. (Rep. & Recommendation 6–7 (citing ECF No. 11-3 at 502–04).) Although Fort Leavenworth officials informed Petitioner that "volunteers for transfer were not accepted" they also informed him that they would document his request for future consideration, and Petitioner was transferred to FCI-Victorville in January 2016. (*Id.* at 7 (citing ECF No. 11-3 at 482, 502, 503).)

Additionally, the Magistrate Judge found that Petitioner's claim was conclusory because "he has not elaborated upon the circumstances of the alleged promises made to him as part of the plea agreement. Although Petitioner has alleged with a high degree of specificity the privileges he lost as a result of the transfer (ECF No. 1 at 11–13), he has not alleged with any specificity the details of any agreement about where he would be confined." (*Id.*) In his Objections, Petitioner asserts that it was his defense counsel (Captain Eric Mayer) who conveyed to Petitioner that he would be confined at a military prison and would retain certain privileges. (*See* Objs. 8–9.) However, Petitioner does not allege that the prosecution made any such assurances during plea negotiations. (*See id.*)

In sum, the Objections lack merit for the reasons stated in the Report and Recommendation. The Court finds no defect of law, fact, or logic in the Report and Recommendation. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: July 20, 2022

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE